IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN EASTMAN,

    Plaintiff,

v.                                        No. 1:22-mc-00023 RB/KK

UNITED STATES OF AMERICA,

    Defendant.

## ORDER

This matter is before the Court on Eastman's Motion to Exceed Length Limitations in Movant's Reply Brief. (Doc. 19.) Due to the "fairly complex legal issues" involved and because "the government raised several novel legal issues in its response brief[,]" Eastman asks leave of the Court to exceed the page limitation in his reply brief (Doc. 16) by ten pages. (*See* Doc. 19 at 1.) The United States opposes the motion in part, stating that it would consent to an additional five pages. (*Id.* at 2.) The Court finds that Eastman's motion is well-taken and will **grant** it.

The United States also indicated that it "may later seek leave to file a surreply." (*See id.*) The Court has been in contact by email with the parties, and the Government confirmed its intent to file a surreply. The Court will grant the request and will allow the Government to file a surreply brief of no more than 12 pages no later than **Tuesday, September 6, 2022**.

The Court also asked the parties to weigh in on whether they believe there are any contested evidentiary issues that necessitate a hearing on Eastman's Rule 41(g) motion. Eastman's attorney, Charles Burnham, responded and stated that because the Government has not produced the warrant referenced in its Notice (Doc. 13) and Response brief (Doc. 15), Eastman does not accept the proffer regarding the warrant's existence and believes that this creates a contested issue of fact.

Counsel for the United States, Mary Dohrmann, disagreed that this issue necessitates a hearing.

The Government has stated on the record to this Court that it is in possession of Eastman's cell phone and a manual screen capture of certain contents of the device, and that the phone and screen capture are located in Northern Virginia with federal agents from the Department of Justice, Office of Inspector General. (Doc. 13 at 1.) It further represented that "[o]n July 12, 2022, a federal agent obtained a second federal search warrant from the U.S. District Court for the District of Columbia that authorizes review of the contents of [the] cell phone and the manual screen capture." (*Id.*) "The warrant includes a filter protocol, which has been provided to [Eastman's] counsel." (*Id.*)

Given that the Government has affirmed to the Court on the record that a warrant has been issued, the Court finds that Eastman cannot make a good faith argument that an evidentiary issue on the existence of a warrant remains. The undersigned will take the Government at its word that the warrant was issued, and the Court's decision will be based in part on that representation.

With this in mind, the Court will **vacate** the hearing currently set for September 6, 2022, and will decide Eastman's motion on the written submissions of the parties. The Court will consider the matter fully submitted after the Government files its surreply brief.

**IT IS ORDERED.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE