IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **JOHN EASTMAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) No. CIV 22-mc-23 RB/KK |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Defendant.** | ) |

**GOVERNMENT'S SURREPLY IN OPPOSITION TO MOVANT'S AMENDED
MOTION FOR RETURN OF SEIZED PROPERTY UNDER FED. R. CRIM. P. 41(g)
AND REQUEST FOR INJUNCTIVE AND OTHER RELIEF**

In his Reply in Support of Motion for Return of Seized Property Under Fed. R. Crim. P. 41(g), Doc. 16 ("Reply"), the movant rehashes his lead arguments and attacks straw men without engaging the central question raised by his Motion, Doc. 6: whether Rule 41(g) even countenances the movant's request for an order compelling the Government to return the movant's "cell phone and 'all information' in it, as well as to destroy all copies of any information that has already been retrieved or copied from the device." Reply at 28. The Government's opposition brief (Doc. 15, "Gov't Opp'n") soundly addresses the points the movant tries to make in the Reply, and they warrant no further discussion.[1] This surreply focuses on the movant's new arguments—namely, an alternative request for the return of his physical device and a challenge to the follow-on search warrant's filter protocol, issued by the U.S. District Court for the District of Columbia. Both new arguments are meritless, and the movant's Motion should be denied.

---

[1] Indeed, the movant chose not even to reply to some of the Government's arguments in opposition. *See, e.g.*, Gov't Opp'n at 16–17 ("No rule requires agents to serve warrants before executing them.").

## I.     The Movant is Not Entitled to the Alternative Relief He Now Seeks.

In its Opposition, the Government conducted a thorough analysis of Rule 41(g) and the Tenth Circuit caselaw governing such motions, demonstrating how the movant's request for destruction of evidence obtained by the Government is simply not cognizable under the Rule. Gov't Opp'n at 2–9.  Apparently recognizing the correctness of the Government's position, the movant now requests alternative relief: "return of the phone and the information" while allowing that the Government could "retain a copy of whatever information it could lawfully have searched and seized based upon a judicial finding of probable cause." Reply at 6. In making this argument, the movant unwittingly concedes that his circumstances do not merit this Court exercising the equitable jurisdiction necessary to hear his claim. *See In re Search of Kitty's East*, 905 F.2d 1367, 1370 (10th Cir. 1990) ("[E]ntertaining a preindictment Rule 41([g]) motion is an exercise of equitable jurisdiction which should be undertaken with caution and restraint." (quotations omitted)). Specifically, while pressing his erroneous argument that his purported Fourth Amendment claims constitute "irreparable injury," the movant fails entirely to demonstrate how return of the phone itself—while permitting the Government to keep all the information in it— would remedy the asserted harm. *See id.* at 1371 ("[A] movant must demonstrate that being deprived of *actual possession* of the seized property causes 'irreparable injury . . . .'" (emphasis added)).

To the contrary, the movant has gone so far as to specifically concede that he "has not asserted that he is aggrieved by the deprivation of his property." Reply at 6. *Id.* Consistent with this assertion, the movant apparently just bought a new cell phone after the Government seized his old one, *id.*, and at no point contacted the Government to request return of the phone itself. Were such a request forthcoming, the Government would endeavor to reach a reasonable

accommodation consistent with the Government's investigative needs. Given the movant's own concession that he does not need his property back, he has shown no basis for this Court to exercise its equitable jurisdiction to order the Government to do anything with respect to the lawfully seized property.

## II. The Movant Cannot Challenge the Follow-On Search Warrant and Filter Protocols in this Court.

The Government's Opposition explains that the movant's request for a preliminary injunction, "preventing the government from searching the phone until an appropriate procedure is in place" to limit the search and protect privileged information, is moot given the issuance of a follow-on warrant and filter protocol by the U.S. District Court for the District of Columbia. Gov't Opp'n at 21–22. The Government has alerted the movant to the existence of the follow-on warrant and provided him with a copy of the court-authorized filter protocol, which bears an ECF header and which the movant filed under seal with this Court. *See* Doc. 17-1. The Court has concluded that the movant "cannot make a good faith argument that an evidentiary issue on the existence of a warrant remains." Doc. 21. Accordingly, the movant has no basis for the preliminary injunction he seeks.

The movant further asserts that "the government cites no authority for its argument that non-criminal proceedings in another Court divest this Court of jurisdiction" over his preliminary injunction request. Reply at 22. But it is the movant, not the Government, who seeks to divest a federal court (the U.S. District Court for the District of Columbia) of its proper jurisdiction. As support for his position, the movant cites two cases involving Rule 41(g) relief for the proposition that venue lies where the property was seized. *See* Reply at 22 (citing *In re Grand Jury Proceedings*, 115 F.3d 1240, 1245 (5th Cir. 1997); *United States v. Garcia*, 65 F.3d 17, 20–21 (4th Cir. 1995)). Yet, the movant's preliminary injunction request focuses not on return of the movant's

property under Rule 41(g), but on preventing the Government from searching the property. *See* Mot. at 23–24. Accordingly, the cases cited are inapposite.

The U.S. District Court for the District of Columbia authorized a search of the phone, as governed by certain filter protocols with which the movant is familiar.[2] It is not for this Court to entertain challenges to a warrant and filter protocol issued by a sister District. That is because one district court lacks authority to modify or nullify an order of another district court. *See, e.g., Lauro v. Hawaii*, No. CV 12-00637 DKW-RT, 2020 WL 1066973, at *2 (D. Haw. Mar. 5, 2020), ("[A] federal district judge, even the chief judge of a federal district court, has no authority to review, overrule, or modify any actions or rulings taken by another federal district judge in any case."), *appeal dismissed,* No. 20-15495, 2020 WL 5636891 (9th Cir. May 21, 2020); *Smith v. Meyers*, 843 F. Supp. 2d 499, 505 (D. Del. 2012) ("The structure of the federal courts does not allow one judge of a district court to rule directly on the legality of another district judge's judicial acts or to deny another district judge his or her lawful jurisdiction."). And, practically speaking, because the warrant and filter protocol were properly issued in a different District, the caselaw applicable to such challenges would be different—notwithstanding that the movant has selected as the primary basis for his challenge to the filter protocol a Fourth Circuit decision that is the law of neither District involved in this matter, *see* Reply at 23. In short, should the movant wish to press his meritless claims as to the follow-on search warrant and filter protocol, he must do so in the District

---

[2] The movant spends pages assailing the propriety of the filter protocol issued by the U.S. District Court for the District of Columbia, Reply at 23–25, complaining principally that "there is no requirement to include lawyers so this Court must assume that any of the taint functions could potentially be performed by a nonlawyer," Reply at 24 n.9. That is wrong. The plain terms of the filter protocol, which the movant attached to his reply under seal, require otherwise. *See* Doc. 17-1 at 1.

of Columbia.  It is telling that he has chosen not to do so, as of the date of this filing.

*   *   *

The movant's Reply confirms that his Motion is nothing more than a fishing-expedition to find out why the Government seized his cell phone, even though the law does not entitle him to such information at this point.  *See, e.g.*, Reply at 11 ("[T]his Court would be well justified in ordering the government to produce its affidavit to Movant and the Court to allow proper argument on this issue.").  Tenth Circuit caselaw counsels against this Court exercising its equitable jurisdiction, and the pertinent facts demonstrate that the Motion should fail.

For the foregoing reasons, and those stated in the Government's Opposition, Doc. 15, the Government respectfully requests that the Motion, Doc. 6, be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
for the District of Columbia

By: */s/ Thomas P. Windom Sept. 6, 2022*
*/s/ Mary L. Dohrmann Sept. 6, 2022*
Thomas P. Windom
Mary L. Dohrmann
Assistant United States Attorneys
601 D Street, N.W.
Washington, D.C.  20530
Office: 202-252-1900

        ALEXANDER M.M. UBALLEZ
        United States Attorney
        for the District of New Mexico

        */s/ Roberto D. Ortega September 6, 2022*
        ROBERTO D. ORTEGA
        Assistant United States Attorney
        P.O. Box 607
        Albuquerque, New Mexico 87103
        (505) 224-1519 Fax: (505) 346-7205
        roberto.ortega@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 6, 2022, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following party or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

    Charles Burnham: charles@burnhamgorokhov.com
    Joseph Gribble: jjg@crowleygribble.com

        */s/ Mary L. Dohrmann, 9/6/22*
        Mary L. Dohrmann
        Assistant United States Attorney