# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF NEW MEXICO
Albuquerque Division

| | |
|---|---|
| **JOHN EASTMAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:22-mc-00023-RB |
| ) | |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Defendant,** ) | |

## NOTICE OF SUPPLEMENTAL AUTHORITIES

John C. Eastman, through undersigned counsel, respectfully provides this Notice of Supplemental Authorities pursuant to Local Civil Rule 7.8(b). We seek to draw the Court's attention to a highly relevant decision recently published by the Maryland Court of Appeals (that state's high court): *Richardson v. State*, --- A.3d ----, 2022 WL 3711713, (Md. Aug. 29, 2022). This case illustrates our key point that broad searches for all data within an electronic device are unreasonable.

In *Richardson* officers, as stated in an affidavit, "sought approval to seize '[a]ll information, data, photographs, videos, detail logs, contact lists, and call histories maintained inside of T-Mobile Space Gray iPhone SE IMEI: 356600080434043[.]'" *Id.* at *17. The court conducted an exhaustive examination of state and federal Fourth Amendment law to determine that search and seizure warrants for cellphones that broadly authorize intrusions into all data are unreasonable under the Fourth Amendment.

This authority is highly relevant because the warrant in this case authorized seizure of "any electronic or digital device—including cell phones, USB devices, iPads, and computers identified

in the affidavit—and *all information in such devices*." As the Maryland court explained, such a broad search is unreasonable. Moreover, though Dr. Eastman does not have access to the warrant affidavit and is prohibited from specifically outlining its deficiencies, this authority shows the kind of limitations necessary to save a warrant from violating the particularity requirement of the Fourth Amendment. As the warrant itself broadly allowed seizure of *all* data, it is unlikely that the affidavit was so limited. Finally, this authority applied its reasoning to seizure and search protocols meaning the government cannot claim it's warrant is reasonable because some subsequent search protocols may limit the search where the seizure is still overbroad.

Respectfully Submitted,

/s/ Charles Burnham_____
Charles Burnham
Attorney for Defendant
Burnham & Gorokhov, PLLC
1424 K Street NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 765-2173 (fax)
charles@burnhamgorokhov.com


/s/ Joseph J. Gribble_____
Joseph J. Gribble
Local Counsel
Crowley & Gribble, P.C.
300 Central Ave SW, Suite 3500
Albuquerque, NM 87102
(505) 314-1450
(505) 314-1452 (fax)
jjg@crowleygribble.com

2