**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JOHN EASTMAN,

Plaintiff,

v. No. 1:22-mc-00023 RB/KK

UNITED STATES OF AMERICA,

Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff John Eastman's Amended Motion for Return of Seized Property Under Federal Rule of Criminal Procedure 41(g) and Request for Injunctive and Other Relief, filed on July 8, 2022. (Doc. 6.) Eastman alleges that federal agents violated his constitutional rights when they served a search warrant on him on June 22, 2022, and seized his phone. He asks the Court to order the Government to return his phone and destroy any information seized to date and to enjoin the Government from searching the phone. Because Eastman fails to demonstrate an irreparable injury redressable by Rule 41(g) and the lack of an adequate remedy at law, the Court declines to exercise equitable jurisdiction and denies his requested relief.

## I. Factual and Procedural Background

Federal agents served a warrant on Eastman on June 22, 2022, as he exited a restaurant. (*See* Doc. 6 at 8.) The warrant authorized agents to search "[t]he person of John Eastman and the area within his immediate control, including any clothing, garments, bags, or personal effects." (Doc. 6-1 at 2.) The warrant described the things to be seized as "[a]ny electronic or digital devices—including cell phones, USB devices, iPads, and computers identified in the affidavit—and all information in such devices." (*Id.* at 3.) Pursuant to the warrant, agents seized Eastman's

iPhone Pro 12. (Doc. 6 at 8.) Eastman "was forced to provide biometric data to open said phone" and "was not provided a copy of the warrant until after his phone was seized . . . ." (*Id.*) The warrant states that after seizure, "law enforcement intends to transport the device(s) to Washington, D.C. or to the [Department of Justice (DOJ)-Office of the Inspector General (OIG)] forensic laboratory in Northern Virginia." (Doc. 6-1 at 3.)

Eastman filed a Motion for Return of Property Under Rule 41(g) in this Court on June 27, 2022. (Doc. 1.) He filed an amended motion on July 8, 2022, which is fully briefed. (*See* Docs. 6; 15–17; 22–23.) The Court denied Eastman's motion for a temporary restraining order on July 15, 2022, (*see* Doc. 8) and takes up the rest of his motion in this Opinion.

## II. Legal Standard

"Rule 41(g) allows a person 'aggrieved by an unlawful search and seizure of property or by the deprivation of property' to 'move for the property's return.'" *United States v. Riccardi*, No. 20-3205, 2021 WL 3732261, at *2 (10th Cir. Aug. 24, 2021) (quoting Fed. R. Crim. P. 41(g)). "Attempts to use Rule 41(g) motions to obtain relief other than the return of unlawfully seized property in the government's possession have failed." *Id.* (citing *Clymore v. United States*, 415 F.3d 1113, 1120 (10th Cir. 2005) (discussing former Rule 41(e), now found at Rule 41(g), and holding that a motion for return of property cannot be used to obtain compensatory damages for property that can no longer be returned); *United States v. Rodriguez-Aguirre*, 414 F.3d 1177, 1182 (10th Cir. 2005) (holding that a motion for return of property is "an inappropriate vehicle" for attacking a civil forfeiture judgment); *United States v. Burton*, 167 F.3d 410, 410 (8th Cir. 1999) (holding that a motion for return of property may not be used to collaterally attack a guilty plea)).

The Tenth Circuit has "held that entertaining a preindictment Rule 41([g]) motion is an exercise of equitable jurisdiction which should be undertaken with 'caution and restraint.'" *Matter*

*of Search of Kitty's E.*, 905 F.2d 1367, 1370–71 (10th Cir. 1990) (quoting *Floyd v. United States*, 860 F.2d 999, 1003 (10th Cir. 1988)). Before "a district court may assume jurisdiction over a preindictment Rule 41(e) motion[,]" the movant must satisfy two conditions: "a movant must demonstrate that being deprived of actual possession of the seized property causes 'irreparable injury,' and must be otherwise without adequate remedy at law." *Id.* at 1370–71 (citing *Floyd*, 860 F.2d at 1003). "[T]he district court should dismiss a Rule 41(g) motion if the movant has failed to make this showing." *Riccardi*, 2021 WL 3732261, at *2 (quoting *United States v. Bacon*, 900 F.3d 1234, 1237 (10th Cir. 2018)).

**III. The Court declines to exercise equitable jurisdiction over the Rule 41(g) motion.**

While Eastman frames his motion as one for the return of his cell phone under Rule 41(g), the Government contends that Eastman "has filed a motion to suppress a search warrant that masquerades as a Rule 41(g) motion." (Doc. 15 at 1.) Eastman does not disagree: he admits that he "has not asserted that he is aggrieved by the deprivation of his property . . . ; rather, he has asserted that he has been aggrieved by the unlawful search and seizure itself" due to alleged constitutional violations. (Doc. 16 at 6.) Thus, in addition to the return of his cell phone, Eastman seeks an injunction to stop the Government from searching the phone and an order requiring the Government to destroy any copies of information obtained from the phone thus far. (*See* Docs. 6 at 8, 23; 16 at 1, 28.) The history of Rule 41(g) together with Tenth Circuit precedent, however, support a finding that the rule does not provide the appropriate procedural vehicle for any requested relief outside of the return of Eastman's property.

Prior to the 1989 amendments to the Federal Rules of Criminal Procedure, the rule (then Rule 41(e)[1]) "provided for return of property only if it was illegally seized[,]" and it also "required

[1] Before the 1989 amendments, Rule 41(e) provided:

automatic suppression of any property returned." *Kitty's E.*, 905 F.2d at 1370 (citing 124 F.R.D. 397, 426–27 (1989)). "In 1989, the Advisory Committee to the Federal Rules of Criminal Procedure deleted the portion of the rule stating that where property was ordered returned, it also must be suppressed." *See Bennett v. United States*, No. 12-61499-CIV, 2013 WL 3821625, at *10 (S.D. Fla. July 23, 2013). The Advisory Committee Note explains that the prior "language ha[d] not kept pace with the development of exclusionary rule doctrine . . . ." Fed. R. Crim. P. 41(g) advisory committee's note to 1989 amendment. Automatic suppression was no longer appropriate where Supreme Court precedent held, for example, that property deemed "inadmissible for one purpose (*e.g.*, as part of the government's case-in-chief) may be admissible for another purpose (*e.g.*, impeachment"), *United States v. Havens*, 446 U.S. 620 (1980), or "that evidence seized in violation of the fourth amendment, but in good faith pursuant to a warrant, may be used even against a person aggrieved by the constitutional violation[,]" *United States v. Leon*, 468 U.S. 897 (1984). *See* Fed. R. Crim. P. 41(g) advisory committee's note to 1989 amendment. The Advisory Committee Note makes clear that Rule 41(g) "**is not intended to deny the United States the use of evidence permitted by the fourth amendment and federal statutes, even if the evidence**

---

> (e) Motion for Return of Property. A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property which was illegally seized. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the property shall be restored and it shall not be admissible in evidence at any hearing or trial. If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.

*See, e.g.*, *Floyd*, 860 F.2d at 1002–03 & n.1 (discussing the rule).

Rule 41(g) now provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

**might have been unlawfully seized**." *Id.* (emphasis added) (citing *United States v. Calandra*, 414 U.S. 338, 349 n.6 (1978) ("Rule 41(e) does not constitute a statutory expansion of the exclusionary rule."); *United States v. Roberts*, 852 F.2d 671 (2nd Cir. 1988) (exceptions to exclusionary rule applicable to Rule 41(e))). Accordingly, the Advisory Committee deleted the exclusionary provision and stated that it disagreed with a Sixth Circuit case that "held that the United States must return photocopies of lawfully seized business records unless it could demonstrate that the records were 'necessary for a specific investigation.'" *Id.* (quoting *Sovereign News Co. v. United States*, 690 F.2d 569 (6th Cir. 1982), *cert. denied*, 464 U.S. 814 (1983)).

Following the 1989 amendments, the Tenth Circuit explicitly held that Rule 41(g) motions are now "solely for the return of property." *Kitty's E.*, 905 F.2d at 1370 ("Illegality of a search for purposes of Rule 41(e) and the scope of the exclusionary rule have been separated by the 1989 amendments.") (citing *Matter of Search of Premises Known as 6455 S. Yosemite, Englewood, Colo.* (hereinafter "*Blinder*"), 897 F.2d 1549, 1554 (10th Cir. 1990); Fed. R. Crim. P. 41(g) advisory committee's note to 1989 amendment; 124 F.R.D. at 428). While Rule 41(g) allows a movant to request the return of property, Rule 41(h) provides that "[a] defendant may move to suppress evidence in the court where the trial will occur, as Rule 12 provides." Fed. R. Civ. P. 41(h). The Fifth Circuit agrees that Rule 41(g) "is concerned solely with the return of property to the Rule 41(g) movant." *Harbor Healthcare Sys., L.P. v. United States*, 5 F.4th 593, 600 (5th Cir. 2021). "Suppression and Rule 41(g) occupy two entirely distinct spheres within the universe of unlawful searches and seizures." *Id.*; *see also In re Search of the Office of Ken Tylman*, 245 F.3d 978, 980 (7th Cir. 2001) (noting that "[t]he rule is directed at . . . a seizure prior to the return of indictment . . . [but] cannot be used to suppress evidence"); *but see Bennett*, 2013 WL 3821625, at *11 (noting that circuit courts to address the issue of "whether suppression is still available

under Rule 41(g) after the rule's 1989 amendment . . . are divided" and citing cases from the Third, Fourth, Sixth, and Ninth Circuits that have not foreclosed the possibility that Rule 41(g) contemplates a suppression motion).

Eastman does not discuss *Kitty's East* in any detail but rather argues that the language of the rule allows an individual to move for the return of property if they are "'aggrieved' *either* 'by an unlawful search and seizure of property *or* by the deprivation of property.'" (Doc. 16 at 6 (quoting Fed. R. Crim. P. 41(g)).) Eastman's motion rests on the proposition that he can demonstrate irreparable injury solely on the basis that he was aggrieved by an unlawful seizure of his phone. (*See generally* Docs. 6; 16.) He does not cite binding authority to support his reading of the rule. (*See* Docs. 6; 16.) The Court finds that the history of the rule and binding Tenth Circuit authority are fatal to his position.

With the history and purpose of Rule 41(g) in mind, the Court turns to the parties' arguments. Eastman alleges that the seizure and subsequent search of his phone have violated his rights under the First, Fourth, Fifth, and Sixth Amendments, which amounts to irreparable injury under Rule 41(g). (Doc. 6 at 21.) The Government argues that alleged violations of "Eastman's constitutional rights and attorney-client privilege are not 'irreparable injury' since they do not relate to his actual possession of the property." (Doc. 15 at 6 (citing *Kitty's E.*, 905 F.2d at 1371–72).)

**A. First Amendment**

Eastman contends that agents violated his First Amendment right to political association by seizing his cell phone, because they now have access to private emails related to his political activity. (*See* Doc. 6 at 20.) In *Kitty's East*, the movant—"an establishment engaged in providing 'adult entertainment'" through the rental and sale of "'adult' books, magazines, films, and

videotapes"—argued that the government's seizure of these materials "prohibited or at least impaired" exercise of its First Amendment rights, which constituted irreparable injury. 905 F.2d at 1369, 1371. The Tenth Circuit found that preindictment review of this claim was appropriate "[b]ecause a prior restraint must be reviewed on the motion of the party restrained at the earliest point 'compatible with sound judicial resolution . . . .'" *Id.* at 1372 (quoting *Freedman v. Maryland*, 380 U.S. 51, 59 (1965)). The Government argues that Eastman fails to show how seizure of his cell phone constitutes "First Amendment prior restraints due to lack of access to the [phone]." (Doc. 15 at 6.) Eastman responds that "*Kitty's East* did not announce any bright line rule that prior restraint on protected speech is the only species of constitutional violation that can constitute irreparable harm for Rule 41 purposes." (Doc. 16 at 20.) Regardless, Eastman fails to mount any persuasive argument to demonstrate that he "is aggrieved by an unreasonable retention of the property." *See Kitty's E.*, 905 F.2d at 1376.

Eastman generally argues that the disclosure of "information related to political associations can 'have a profound chilling effect on the exercise of political rights." (Doc. 6 at 20 (quotation omitted).) Yet he acknowledges that disclosure of such documents is "appropriate when there is 'a sufficiently important governmental interest'" (*id.* (quotation omitted)), and he does not quibble with the Court's previous finding that "[t]he Government's interest in investigating the January 6 attacks on the Capitol is substantial." (*See* Doc. 8 at 5 (citing *Rio Grande Found. v. City of Santa Fe*, 437 F. Supp. 3d 1051, 1062 (D.N.M. 2020), *appeal dismissed sub nom.*, 7 F.4th 956 (10th Cir. 2021), *cert. denied sub nom.*, 142 S. Ct. 1670 (2022)).) Instead, he argues that his First Amendment right of political association is at risk from an inadequate filter team protocol. (*See* Doc. 16 at 16, 23–24.)

Eastman relies on a decision from the Fourth Circuit, *In re Search Warrant Issued June 13,*

*2019*, 942 F.3d 159 (4th Cir. 2019). (Doc. 16 at 23–24.) In that case, the movant challenged the government's use of a filter team in the same court that executed the search warrant and approved the filter team protocol. *See In re Search Warrant Issued June 13, 2019*, 942 F.3d at 164. The Government argues that Eastman cannot litigate the propriety of the filter protocol in this Court, as the protocol was issued by a district court in the District of Columbia. (Doc. 22 at 4–5.) "That is because one district court lacks authority to modify or nullify an order of another district court." (*Id.*at 4 (citing *Lauro v. Hawaii*, No. CV 12-00637 DKW-RT, 2020 WL 1066973, at *2 (D. Haw. Mar. 5, 2020), *appeal dismissed*, No. 20-15495, 2020 WL 5636891 (9th Cir. May 21, 2020); *Smith v. Meyers*, 843 F. Supp. 2d 499, 505 (D. Del. 2012)).) Eastman cites no authority to support a finding that he may collaterally attack the filter protocol in this district. (*See* Doc. 16.) The Government points out that Eastman has not, to date, filed a motion regarding the filter protocol in the District of Columbia. (Doc. 22 at 5.) The Court finds that Eastman has an adequate remedy for any injury due to the alleged First Amendment violation—he may file an appropriate motion before the court that approved the filter protocol. Because Eastman has not established that he is "without adequate remedy at law" on this issue, the Court declines to exercise equitable jurisdiction on this basis.

**B. Fourth and Fifth Amendments**

Eastman asserts that the warrant violated his Fourth Amendment rights because it was overbroad, not sufficiently particular, and did not mention the criminal activity for which evidence was sought. (*See* Doc. 6 at 10–17.) He asserts that agents violated his Fifth Amendment rights by compelling him to open his phone with biometric data. (*See id.* at 17–18.) The Government responds that again, Eastman's argument largely misses the mark, as he has not demonstrated irreparable injury caused by deprivation of the property. (Doc. 15 at 3.) The Court agrees. As noted

above, the Tenth Circuit has explained that a Rule 41(g) "movant must demonstrate that **being deprived of actual possession of the seized property** causes 'irreparable injury . . . .'" *Kitty's E.*, 905 F.2d at 1370) (emphasis added); *see also Blinder*, 897 F.2d at 1557; *accord Harbor Healthcare*, 5 F.4th at 598 (in analyzing a preindictment motion under Rule 41(g), courts within the Fifth Circuit use a four-part test that includes an analysis of "[w]hether the plaintiff would be irreparably injured by denial of the return of the property").

In *Blinder*, for example, the movant argued that the government illegally seized business records. 897 F.2d at 1550. The Tenth Circuit found that because Rule 41(g) (then 41(e)) "no longer deals with suppression" in preindictment motions, "to establish irreparable injury, [the movant must show] an ongoing business need to recover original copies of the documents seized . . . ." *Id.* at 1557. Because the record showed that the movant was "able to operate with photocopies of the documents seized by the government and either has copies or can make copies of all the property that the government seized[,]" there was little to no basis to find that the movant had "established either irreparable injury or an inadequate remedy at law." *Id.* Eastman does not directly address the question of whether being denied possession of his phone causes irreparable injury, but simply reiterates his arguments that the seizure of his phone violated his Fourth and Fifth Amendment rights. (*See* Doc. 16 at 9–20.) Eastman's arguments are unavailing. Considering binding Tenth Circuit authority, the Court finds that Eastman fails to establish the requisite irreparable injury related to deprivation of his phone. *See Blinder*, 897 F.2d at 1557; *Kitty's E.*, 905 F.2d at 1370.

Further, Eastman has not shown that he does not have an adequate remedy at law. He argues that "[a]s no indictment has issued, there is only a speculative possibility that [he] could vindicate his rights in a suppression hearing." (Doc. 6 at 21.) In *United States v. Anh Ngoc Dang*, the movant

argued that U.S. Marshals wrongfully seized his property in violation of the Fourth Amendment. 559 F. App'x 660, 662 (10th Cir. 2014). He filed a motion under Rule 41(g) seeking its return. *See id.* The Tenth Circuit found that the movant failed to show he "lacked any other remedy for the alleged Fourth Amendment violation, such as a *Bivens* action seeking relief against the marshals. *Id.* (citing *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389 (1971) (recognizing damage remedy for wrongful search and seizure)). (*See also* Doc. 15 at 12 (citing *United States v. Grubbs*, 547 U.S. 90, 99 (2006) (recognizing that "[t]he Constitution protects property owners" who have been wronged by the police by providing "a cause of action for damages").) Citing the Supreme Court's recent decision in *Egbert v. Boule*, --- U.S. ---, 142 S. Ct. 1793, 1810 (Gorsuch, J. concurring), Eastman contends that "there is effectively no cause of action to correct federal constitutional torts." (Doc. 6 at 21.) Although the *Egbert* decision signaled "the Court's disfavor towards *Bivens* claims[,]" *see Silva v. United States*, 45 F.4th 1134, 1140 (10th Cir. 2022), it did not completely eradicate all *Bivens* claims. *See Egbert*, 142 S. Ct. at 1809 (noting that "to decide the case before us, we need not reconsider *Bivens* itself"). As a result, Eastman fails to establish that he lacks an adequate remedy at law. Accordingly, the Court will not exercise equitable jurisdiction on this basis.

**C. Sixth Amendment**

Eastman asserts that any search of the phone will violate his Sixth Amendment rights, as the phone has access to emails that are protected by the attorney-client privilege and the work-product doctrine. (Doc. 6 at 20–21.) He cites *Harbor Healthcare* for the proposition that the retention of privileged documents "constitutes an irreparable injury that can be cured only by Rule 41(g) relief." (*Id.* at 21 (quoting *Harbor Healthcare*, 5 F.4th at 600).) In that case, the movant (Harbor) "filed a pre-indictment motion under Rule 41(g) . . . seeking return of documents seized

by the United States . . . ." 5 F.4th at 595. The district court implemented a privilege-screening plan, under which Harbor identified thousands of emails as privileged. *Id.* at 596–97. Harbor informed the court that "a significant number of privileged documents had already made their way into the hands of investigators" and asked the court to order return of the privileged documents. *Id.* at 597 (quotation marks omitted). The court denied the order and dismissed the case, finding that the privilege-screening plan was adequate to address Harbor's assertions of privilege. *Id.* Harbor appealed, and the Fifth Circuit reversed. *See id.* at 597, 601.

The Fifth Circuit found that Harbor demonstrated both an irreparable injury and no adequate legal remedy. *Id.* at 600–01. It found that "[t]he government's ongoing intrusion on Harbor's privacy"—as shown by the government's deliberate retention of "Harbor's privileged material for over four years" despite Harbor's assertions of attorney-client privilege—amounted to an irreparable injury. *Id.* at 600. It also found that Harbor did not have an adequate remedy at law because it was "not certain that there ever will be criminal charges brought against Harbor." *Id.*

*Harbor Healthcare* is distinguishable from the circumstances here. First, Eastman has not identified any information for which he claims a privilege. Second, there is a timing difference. The government in *Harbor Healthcare* kept Harbor's privileged documents for over four years. Here, the government seized the phone approximately three months ago. Eastman asserts that he "has not been indicted and may never be." (Doc. 16 at 21.) Nevertheless, the Court finds that his motion on this ground is premature. At this time and on these facts, Eastman fails to show an irreparable injury.

Finally, Eastman's argument regarding privileged material fails for the same reason that his argument on the purported First Amendment violation fails: he is pressing this issue with the

wrong court. Should Eastman be concerned that the Government has access to material protected by the attorney-client privilege or work-product doctrine, he may file a motion for relief in the District of Columbia. Thus, he fails to show an inadequate remedy at law. The Court denies Eastman's motion on this issue.

**D. Statutory Authority for Search**

Finally, Eastman contends that the DOJ OIG overstepped its statutory authority in investigating him and in applying for the warrant. (Docs. 6 at 9–10; 16 at 8–9.) Eastman assumes and the Government does not dispute that the investigation and warrant here were initiated by the DOJ OIG. (*See* Docs. 6 at 8–10; 15 at 10.) "Inspectors General serve as the principal watchdogs of the nation's major federal agencies and are responsible for conducting and supervising audits and investigations in an effort to prevent and detect fraud and abuse in their agencies' programs and operations." H.R. REP. 110-354, 8, 2008 U.S.C.C.A.N. 1795, 1796; *see also* 5 U.S.C. § APP. 3 § 2 (purpose of OIG). The parties agree that the DOJ OIG has authority to "initiate, conduct and supervise . . . audits and investigations" and "may investigate allegations of criminal wrongdoing or administrative misconduct by a person who is the head of any agency or component of the Department of Justice." 5 U.S.C. App. 3 § 8E(b)(1) & (4). (*See also* Docs. 6 at 9; 15 at 10.)

Eastman argues that because he is not an employee of the DOJ, this provision does not authorize the OIG to investigate him personally. (Doc. 6 at 9–10.) The Government responds that "[a]s a matter of common sense, [Eastman] is incorrect: an investigation of wrongdoing by one individual routinely involves obtaining evidence from others, particularly in cases involving conspiracies." (Doc. 15 at 10.) It continues that Eastman's "argument, carried to its illogical conclusion, would mean that any DOJ employee could, for example, hide evidence or fruits of criminal conduct in the home of a non-DOJ employee without fear that DOJ-OIG could obtain a

warrant to seize the material." (*Id.* at 10 n.1.) "But warrants must be issued if there is probable cause to believe that the items to be seized will contain evidence of criminal conduct, and that issuance says nothing about whether the person from whom an item is seized is a subject or target of a criminal investigation." (*Id.*) The Court agrees, and Rule 41(g) reflects this scenario: it allows an individual to move for return of property even if that individual is not the target of a criminal investigation. *See, e.g.*, Fed. R. Crim. P. 41(g) advisory committee's note to 1989 amendment (noting that before the 1989 amendments, "the rule failed to address the harm that may result from the interference with the lawful use of property by persons who are not suspected of wrongdoing"); *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1172 (9th Cir. 2010) (granting motion for return of property under Rule 41(g) brought "by a party against whom no criminal charges have been brought"), *overruled in part on other grounds as recognized by United States v. Caro*, 934 F.3d 1002, 1019 n.11 (9th Cir. 2019).

Regardless, Eastman cites no authority to support a finding that it would be appropriate to exclude evidence at this stage because a government agent exceeded his authority in procuring a warrant. *Cf. United States v. Minjares-Alvarez*, 264 F.3d 980, 986 (10th Cir. 2001) (noting that "[t]he exclusionary rule was not fashioned to vindicate a broad, general right to be free of agency action not authorized by law, but rather to protect specific, constitutionally protected rights") (quotation and citation omitted); *United States v. Sanders*, 104 F. App'x 916, 921 (4th Cir. 2004) (noting that on the several occasions the Fourth Circuit has considered "whether a criminal defendant is entitled to the exclusion of evidence because a government agent . . . exceeded his authority[,]" it has "been consistent in rejecting exclusion as a remedy"). At bottom, again, Eastman's claim necessarily fails because he "has not asserted that he is aggrieved by the deprivation of his property . . . ." (*See* Doc. 16 at 6.) The Court will deny his motion on this basis.

## IV. The Court denies the motion for preliminary injunction.

Alternatively, Eastman asks the Court to enjoin "the [G]overnment from searching the phone until an appropriate procedure is in place to protect important privileged information as well as to prevent an indiscriminate rummaging through [his] other papers and communications . . . ." (Doc. 6 at 23–24.) The Government responds that this request is now moot, as the district court that approved the follow-up search warrant has also approved a filter protocol that addresses Eastman's concerns. (Doc. 15 at 21 (citing Doc. 13); *see also* Doc. 17.) Eastman replies that the issue is not moot because he has not received a copy of the search warrant, and thus it is not clear to him "what type of process the [G]overnment has obtained from the U.S. District Court in DC." (Doc. 16 at 23.)

The Court will deny the motion for injunctive relief for two reasons. First, "[t]he purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality *alleged in the complaint*." *Bettis v. City of Eunice*, No. CV 20-922 GBW/KRS, 2021 WL 678558, at *2 (D.N.M. Feb. 22, 2021) (quoting *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)). "[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the *conduct asserted in the complaint*." *Id.* (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)) (citing *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010); *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015); *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010)). In *Bettis*, the plaintiff filed a complaint challenging a city ordinance and seeking injunctive relief. *Id.* at *1. During the pendency of the suit, the city

replaced language in the challenged ordinance, which mooted his claimed injury. *Id.* The court "conclude[d] that the repeal render[ed] a request for preliminary injunction practically moot." *Id.*

Here, Eastman's motion for relief under Rule 41(g) is treated as an "independent civil case." *Harbor Healthcare*, 5 F.4th at 598 n.2. Eastman asserts in both his motion and in his amended motion that because the "[G]overnment's first warrant makes no provision for protecting" privileged material, he "has no assurances that a second warrant will be any different." (Doc. 6 at 23; *see also* Doc. 1 at 10–12.) That is no longer the case, as the district court that approved the follow-up warrant has also approved a filter protocol intended to protect privileged information. (*See, e.g.*, Doc. 17-1 (Sealed Ex. related to filter protocol).) Consequently, Eastman's request for preliminary injunctive relief is practically moot.

Additionally, Eastman does not cite authority to support a finding that the undersigned may enjoin the Government from action that another district court has explicitly allowed.

## V. Conclusion

The Court declines to exercise equitable jurisdiction over Eastman's motion for relief under Rule 41(g), because he fails to show either irreparable injury due to deprivation of possession of the phone or an inadequate remedy at law. He argues that his alleged constitutional injuries are irreparable because he may never be indicted and thus may never be able to move to suppress the evidence. He asserts that in *Blinder*, the Tenth Circuit found that the "movant who had been indicted in another court had an adequate remedy, whereas the movant who had not been indicted did not." (Doc. 16 at 21 (citing *Blinder*, 897 F.2d at 1556).) The Tenth Circuit went on to find, though, that in order for the non-indicted movant "to establish irreparable injury, it must [demonstrate] an ongoing business need to recover original copies of the documents seized rather than a desire to avoid use by the government of such documents to seek an indictment against it."

*Blinder*, 897 F.2d at 1557. Eastman wholly fails to show and in fact disclaims any need for the actual phone. (*See* Doc. 16 at 6.)

The crux of Eastman's position is dissatisfaction with the Government's ability to access information from the phone. He does not cite authority, however, to establish that he lacks an adequate remedy at law regarding the information, whether it concerns his First Amendment right to political association or assertions of attorney-client or work-product privilege. Eastman must move for relief and address his concerns regarding the filter protocol with the court that approved it. For these reasons, the Court declines to exercise its equitable jurisdiction over Eastman's Rule 41(g) motion. As the Tenth Circuit noted in *Riccardi*, "[a]ttempts to use Rule 41(g) motions to obtain relief other than the return of unlawfully seized property in the government's possession have failed." 2021 WL 3732261, at *2 (10th Cir. Aug. 24, 2021) (citations omitted). For similar reasons, the Court also denies his request for a preliminary injunction or for an order regarding the Government's search of his phone or destruction of documents garnered from the search.

Eastman concludes by asking the Court to order the Government to return the phone and "simply retain a copy of whatever information it could lawfully have searched . . . ." (Doc. 16 at 6, 28–29.) He posits that the Government's retention of the phone for over two months is unreasonable. (*See id.* at 6.) The Advisory Committee Note to the 1989 amendment states:

> If the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable. But, if the United States' legitimate interests can be satisfied even if the property is returned, continued retention of the property would become unreasonable.

Fed. R. Crim. P. 41(g) advisory committee's note to 1989 amendment; *see also, e.g.*, *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993) (defendant "presumed to have the right to the return of his property once it is no longer needed as evidence") (citation omitted); *United States v. Dahda*, No. 12-20083-02-DDC, 2020 WL 4192297, at *2 (D. Kan. July 21, 2020) (ordering government,

after completion of trial, to either file a log describing what exhibits it needed to retain and why or to return the material to defendant).

The Government responds that such a request is meritless, as Eastman has disavowed any need for the physical phone, has already bought a replacement phone, and has never "contacted the Government to request return of the phone itself." (Doc. 22 at 1–2 (citing Doc. 6 at 6).) The Government continues that "[w]ere such a request forthcoming, the Government would endeavor to reach a reasonable accommodation consistent with the Government's investigative needs." (Doc. 22 at 2–3.) It appears that Eastman has made such a request through his reply brief. Recognizing that an extraction of electronic information can take some time, the Court finds that Eastman's request for an order is premature. The Court will, however, direct the parties to communicate about a realistic timeline for return of the physical phone. Although the Court declines to grant Eastman relief at this time, he is free to file an appropriate motion at some reasonable time in the future if the parties cannot come to an agreement on the matter.

**THEREFORE,**

**IT IS ORDERED** that Eastman's Amended Motion for Return of Seized Property under Fed. R. Civ. P. 41(g) and Request for Injunctive and Other Relief (Doc. 6) is **DENIED** and this matter is **DISMISSED WITHOUT PREJUDICE**.

ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE